**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ALVIN LLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-6225 |
| | ) | Hon. Steven C. Seeger |
| WHIRLPOOL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

| | |
|---|---|
| WHIRLPOOL CORPORATION, | ) |
| | ) |
| *Third-Party Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| FABER, S.p.A., | ) |
| | ) |
| *Third-Party Defendant*. | ) |

## THIRD-PARTY COMPLAINT

Whirlpool Corporation ("Whirlpool"), pursuant to Fed. R. Civ. P. 14, for its Third-Party Complaint states as follows:

1. FABER, S.p.A. ("FABER") is a corporation doing business in the State of Illinois, including in Cook County. It places its goods in the stream of commerce including, as described below, the range hood that is at issue in the underlying Complaint. As such, FABER is subject to the jurisdiction of this court, and venue for this Third-Party Complaint is proper in the United States District Court for the Northern District of Illinois.

2. On or about August 20, 2019, Plaintiff filed this product liability action naming Whirlpool Corporation as Defendant.

3. Plaintiff claims that on or about October 18, 2017, as he was cooking he rushed to remove a skillet from a cook top and struck his head on the range hood, causing bodily injury. *See* Plaintiff's Complaint, at ¶¶ 10-12.

4. Whirlpool denies Plaintiff's allegations regarding the cause of Plaintiff's injury. Nevertheless, Plaintiff claims his injury was caused by a defective range hood, identified as "KitchenAid 36-inch Island Canopy Range Hood."

5. Whirlpool did not manufacture the range hood.

6. FABER manufactured the range hood at issue.

7. FABER owed a duty to consumers and to Whirlpool Corporation to use due care and to properly design, manufacture and distribute the products it manufactures, including the range hood at issue. If the allegations in Plaintiff's Complaint are true, and Whirlpool denies those allegations, FABER breached those duties by distributing a range hood that was defective, leading to Plaintiff's injury. Also, if the allegations in Plaintiff's Complaint are true, and Whirlpool denies those allegations, FABER breached its contractual duties to Whirlpool Corporation with respect to the sale.

8. If Plaintiff's allegations are true, Whirlpool is entitled to indemnity and contribution. But for the allegation of a defect in the range hood, Plaintiff would have asserted no claim against Whirlpool.

<u>COUNT I</u>

9. Whirlpool incorporates its allegations in paragraphs 1 through 8 as if fully set forth herein.

10. To the extent Plaintiff's allegations in the underlying action are correct, FABER is liable for Plaintiff's losses.

11. Whirlpool is entitled to contribution from FABER should Whirlpool be determined to be liable for the losses asserted by Plaintiff in the underlying action.

## COUNT II

12. Whirlpool incorporates its allegations in paragraphs 1 through 11 as if fully set forth herein.

13. FABER was the manufacturer of the range hood which Plaintiff claims was defective and caused Plaintiff's injury.

14. Maytag Sales, Inc./Whirlpool Corporation entered into a Finished Goods Purchase Agreement on or around January 1, 2007 (the "Agreement").

15. Whirlpool Corporation purchased the range hood at issue subject to certain terms and conditions agreed to between Whirlpool and FABER under the Agreement.

16. Pursuant to the Agreement, FABER is required to indemnify and defend Whirlpool from claims, actions or lawsuits arising out of or in connection with any actual or alleged injury to any person claimed to have resulted in whole or in part from an actual or alleged defect in the products sold under the Agreement.

17. The terms and conditions are contractual in nature and require FABER to defend and indemnify Whirlpool in this matter.

18. Demand for defense has been made on FABER; however, FABER has not agreed to defend and indemnify Whirlpool.

19. Whirlpool is entitled to defense, indemnity, and recovery of attorneys' fees and costs from FABER.

## COUNT III

20. Whirlpool incorporates its allegations in paragraphs 1 through 19 as if fully set forth herein.

21. FABER was the manufacturer of the range hood which Plaintiff claims was defective and caused Plaintiff's injury.

22. Pursuant to § 2-314 of the Uniform Commercial Code, a warranty that goods shall be merchantable is implied in a contract for their sale.

23. FABER owed Whirlpool a contractual duty to manufacture merchantable goods.

24. Whirlpool has a right to indemnity based on Plaintiff's claim that the range hood was not fit for ordinary use.

WHEREFORE, Whirlpool Corporation prays for judgment in its favor and against FABER, S.p.A. for any liability to Plaintiff, for costs in this action, attorneys' fees, and all other relief appropriate in the premises.

Dated: October 9, 2019

Respectfully submitted,

*/s/ Megan K. Krivoshey*
Megan K. Krivoshey
BARNES & THORNBURG LLP
One North Wacker, Suite 4400
Chicago, IL 60606-2833
(312) 357-1313
(312) 759-5646 (Fax)
mkrivoshey@btlaw.com

*Attorney for Defendant Whirlpool Corporation*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 9, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                      */s/ Megan Krivoshey*

                                      *Attorney for Defendant*
                                      *Whirlpool Corporation*