**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALVIN LLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19-cv-6225 |
| v. | ) | |
| | ) | Hon. Steven C. Seeger |
| WHIRLPOOL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Stoves can give rise to emergencies. Grease fires. Gas leaks. Burnt fingers. Even a pumpkin cake gone wrong. Bad things can happen whenever a home appliance climbs hundreds of degrees. Especially when a person is in a "rush[]," *see* Cplt. at ¶ 10, as plaintiff can painfully attest.

Plaintiff experienced a stove emergency of his own, or so he claims. One day, plaintiff was working at home in the kitchen of his apartment, and he became hungry. He heated a pot of noodles on the stovetop, and began cooking a "skillet of turkey bacon," too. *Id.* at ¶ 3. But lunch wasn't the only thing consuming his attention. He prepared noodles and bacon "[w]hile working on his laptop in the kitchen." *Id.* The multi-tasking became a real-world recipe for disaster.

The laptop apparently was more engrossing than the food, which continued to heat on the stove. The sizzle turned to smoke. Plaintiff – "while working in the kitchen on his laptop," he reminds us – "smelled the turkey bacon burning on the island range." *Id.* at ¶ 10. Plaintiff sprung into action. He "rushed" – his word, twice – to remove the skillet from the gas flame. *Id.*

at ¶¶ 10-11.  And in the process, he smacked his head "with great force" on the island canopy range hood.  *Id.* at ¶ 11.

He sued Whirlpool, blaming the company for his injuries.  His theory appears to be that the range hood was unreasonably dangerous because it was too low, and he faults the installation instructions.  They "mentioned 24 inches [from the stovetop] as an installation height," but failed to mention that the range hood could be higher.  *Id.* at ¶ 14.  At that height, someone like plaintiff – who is "five feet eleven inches tall" – could hit his head in a rush to save lunch.  *Id.* at ¶ 9.

Plaintiff originally filed suit in Illinois state court.  He named Whirlpool as the only defendant.  But he also named his two landlords as "respondents in discovery," a special category under the Illinois procedural rules.  Respondents in discovery are "individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action."  *See* 735 ILCS 5/2-402.  As the name suggests, respondents in discovery must "respond to discovery by the plaintiff in the same manner as are defendants."  *Id.*  And in the meantime, the statute of limitations against respondents in discovery is tolled for six months.  *Id.*

Plaintiff attached interrogatories and document requests to his Complaint.  He asked the respondents in discovery to tell him who installed the range hood, and when.  *See* Dckt. No. 7. He also requested an "inspection of the kitchen."  *Id.* at p.12 of 29.

Whirlpool promptly removed the case to federal court.  Plaintiff responded by filing an emergency motion, asking for immediate leave to "inspect and photograph" the range hood.  *See* Emergency Motion for Non-Destructive Inspection, at ¶ 5 (Dckt. No. 11).  He wants to lay eyes on the range hood "before the statute of limitations runs and/or before any change to the product occurs."  *Id.*  He invokes Rule 34 as the basis for immediate discovery.

Plaintiff's emergency request suffers from a number of problems. For starters, he invokes a rule that, by its plain text, does not apply. Rule 34 authorizes a party to serve an inspection request "on any other party." *See* Fed. R. Civ. P. 34(a). The text reiterates that the property must be "possessed or controlled by the responding party." *See* Fed. R. Civ. P. 34(a)(2); *see also* Fed. R. Civ. P. 45 (confirming that the Federal Rules know how to distinguish between a "party" and a "person").

But respondents in discovery are not parties. At best, they are third parties who might, in theory, be sued someday. The statute itself says so: a respondent in discovery "may be made a defendant" down the road, but isn't a defendant in the meantime. *See* 735 ILCS 5/2-402. Whirlpool is the only other party, and Whirlpool doesn't possess or control the apartment.

What plaintiff really wants is early discovery from a third party, before the parties have had their initial conference under Rule 26. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," absent court order.). The Federal Rules do allow early discovery in special limited circumstances, such as preserving testimony from an ill witness. *See* Fed. R. Civ. P. 27. But as a general matter, the Federal Rules do not allow early discovery for the purpose of gathering information for future claims against non-parties. True, Illinois procedural rules take a different approach, but that makes no difference. The Federal Rules (not state rules) govern federal procedure in federal court, and there is no corollary for respondents in discovery.

There is no apparent need for an immediate inspection, either. Stoves aren't exactly mobile, and there is no indication in the motion that it is going anywhere anytime soon. Plaintiff does not contend that the stove is about to be removed or destroyed. And there is no apparent need for more information. In fact, the Complaint includes detailed measurements – to the

fraction of an inch – about the height of the stove. The cooking surface was precisely "thirty-eight and three-fourths inches from the floor," and the range hood was "twenty-four inches above the cook [sic] surface." *See* Cplt. at ¶¶ 7-8. Taken together, the range hood was "five feet, two inches from the floor." *Id.* at ¶ 8. Plaintiff apparently got out a tape measure before moving out – in December, 2017. *See* Motion at ¶ 4.

Plaintiff waited too long, too. The accident took place on October 18, 2017, *see* Cplt. at ¶ 2, but he didn't file his emergency motion until October 1, 2019, roughly two weeks before the statute of limitations lapses. He waited almost two years to try to inspect the stove. Plaintiff did not treat the situation as an emergency, and neither will this Court.

There is no harm in denying the motion, either. Plaintiff freely admits that he is unlikely to sue his landlords anyway. "[I]t is not likely that Plaintiff will seek to convert Respondents in Discovery to Defendants." *See* Motion at ¶ 8. The statute of limitations doesn't create an emergency when the plaintiff is "not likely" to sue anyone else. *Id.*

A greater emergency is subject matter jurisdiction. Federal courts, of course, are courts of limited jurisdiction. *See Noel Canning v. N.L.R.B.*, 705 F.3d 490, 496 (D.C. Cir. 2013) (Sentelle, J.). Federal courts must guard the limits of their power, even if the litigants do not. Otherwise, the third branch might exercise power not authorized by We the People.

Whirlpool removed this case on the basis of diversity of citizenship. *See* 28 U.S.C. § 1332. As the party who brought this case into federal court, Whirlpool has the burden of establishing federal jurisdiction. *See Betzner v. Boeing Co.*, 910 F.3d 1010, 1014 (7th Cir. 2018). The notice of removal raises three issues.

The amount in controversy is a potential stumbling block. In state court, plaintiff claimed injuries including pain and suffering, permanent brain damage, loss of enjoyment, loss of wages,

and unspecified medical and rehabilitative costs. *See* Dckt. No. 7, at ¶ 15. He demanded damages "in excess of" $50,000. *Id.* But Congress put the floor for the amount in controversy at $75,000, not $50,000. *See* 28 U.S.C. § 1332(a). A plaintiff can seek more than $50,000 but less than $75,000. Whirlpool's Notice of Removal cites older cases from the Northern District of Illinois. Whirlpool should submit updated research from the Seventh Circuit.

The diversity of citizenship is another issue. In its Notice of Removal, Whirlpool declared that plaintiff "is" a citizen of Illinois, citing paragraph two of the Complaint. But the Complaint says that plaintiff "was" living in Illinois in 2017, when the accident took place. *See* Dckt. No. 1-1, at 5. Diversity jurisdiction depends on the citizenship of the parties when a party invokes federal jurisdiction, not when the underlying incident took place. *See Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993). It makes no difference where the plaintiff lived in 2017. What matters is his citizenship when Whirlpool walked into federal court in 2019.

On its face, the Notice of Removal is defective because it does not establish the citizenship of the parties on day one of this federal case. This Court could, in theory, bounce this case back to state court on that basis alone. But instead, this Court will require plaintiff to file a notice and disclose his citizenship as of September 18, 2019 (the day of removal). As a reminder, an individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *See* Charles Alan Wright, Law of Federal Courts 161 (5th ed. 1994); *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002) ("[D]omicile is the place one intends to remain."); *see also Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction.").

Another jurisdictional issue involves the respondents in discovery. They appear to be domiciliaries of Illinois, just like the plaintiff. If respondents in discovery counted as defendants for diversity purposes, there would not be complete diversity because the plaintiff and the respondents in discovery appear to be domiciled in Illinois. Presumably respondents in discovery do not count as parties for jurisdictional purposes because they did not bring a claim against anyone, and no claim is pending against them. So, there is no claim "between" the respondents in discovery and anyone else. *See* 28 U.S.C. § 1332(a). Still, Whirlpool should file a brief with legal research from the Seventh Circuit that confirms the point.

The emergency motion is denied. Plaintiff is hereby ordered to file a statement with the Court disclosing his citizenship as of the day of removal, and do so by October 15, 2019. Whirlpool is hereby ordered to file a brief addressing this Court's subject matter jurisdiction by November 4, 2019.

Date: October 9, 2019

Steven C. Seeger
United States District Judge